E-FILED
Monday, 08 May, 2017 10:22:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOE N. SHERROD, | ) | |
| Plaintiff, | ) | |
| v. | ) | 17-CV-1122 |
| A. TILDEN, et al., | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendants Dr. Tilden and Health Care Administrator Grennan have been deliberately indifferent to Plaintiff's heart disease and/or coronary artery disease. In particular, Dr. Tilden and HCA Grennan refuse to send Plaintiff out to a cardiac specialist or other specialist to determine the cause of and proper treatment for the repeated swelling in Plaintiff's legs, ankles, and feet. Plaintiff alleges that x-rays show that his heart is enlarged and unable to pump blood efficiently. Dr. Tilden allegedly rigged the results of a second EKG by not placing electrodes on Plaintiff's legs. The first EKG allegedly showed that Plaintiff's heart is not pumping blood normally. HCA Grennan is allegedly enforcing a policy that prohibits sending inmates to a cardiologist or outside specialist until the inmate's condition becomes an emergency.

Further, Plaintiff alleges that Defendants Dr. Tilden and Physician Assistant Ojelade were deliberately indifferent to a skin condition which caused Plaintiff irresistible itching all over his body, leading to sores and infections. After years of improper

treatment, a nurse prescribed a therapeutic shampoo for Plaintiff to use as body soap, which has significantly improved the problem.

Last, Plaintiff alleges that three unidentified defendants (Jean Does 1-3), who worked in the pharmacy department, withheld prescriptions from Plaintiff for over one and ½ months. This caused Plaintiff's acid reflux to worsen and deprived Plaintiff of medicines necessary to lower his high blood pressure and cholesterol.

These allegations state plausible Eighth Amendment claims for deliberate indifference to serious medical needs. Plaintiff is advised that he must identify the Doe defendants before the Doe defendants can be served.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)      The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

 5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

 6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **Plaintiff's motion for service is denied as moot (2).**

ENTERED: 5/8/2017

FOR THE COURT:

                                s/Sue E. Myerscough
                                SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE